# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
### GREENBELT DIVISION

|  |  |
|---|---|
| Dawn Jennings *on behalf of herself and all others similarly situated,*, | : |
|  | : Civil Action No.:  8:19-cv-01895-GJH |
|  | : |
| Plaintiff, | : |
| v. | : |
|  | : |
| Dynamic Recovery Solutions LLC, | : |
|  | : |
| Defendant. | : |
|  | : |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff, by and through undersigned counsel, hereby submits this Memorandum of Law in Opposition to Defendant Dynamic Recovery Solutions LLC's Motion to Dismiss (Doc. No. 6).

Defendant-debt collector Dynamic Recovery Solutions LLC ("Dynamic" or "Defendant") attempted to collect a time-barred debt from Plaintiff.  As part of its efforts, Dynamic drafted and sent a collection letter to Plaintiff and the putative class which offered to "resolve" the debt via multi-payment "offers" and which stated that because of the age of the Debt, Dynamic cannot sue Plaintiff for it.  However, Dynamic's letter failed to advise Plaintiff that if she accepted Dynamic's proposed offers and/or made a partial payment, she would effectively revive the statute of limitations on the Debt and would be in a worse position than she would have been if she ignored the Letter altogether.  By advising Plaintiff of the purported benefits of its offers but failing to warn that the offers would, on balance, be worse for the Plaintiff than doing nothing at all, the Letter violates the FDCPA. *See, e.g., Pantoja v. Portfolio Recovery Assocs., LLC*, 852 F.3d 679, 685-86 (7th Cir. 2017) ("the FDCPA prohibits a debt collector from luring debtors

away from the shelter of the statute of limitations without providing an unambiguous warning that an unsophisticated consumer would understand"); *Alston v. Midland Credit Mgmt., Inc.*, 2018 WL 3309725, at *4 (D.S.C. July 3, 2018); *Pierre v. Midland Credit Mgmt., Inc.*, 2018 WL 723278 (N.D. Ill. Feb. 5, 2018); *Smothers v. Midland Credit Mgmt., Inc.*, 2016 WL 7485686, at *5 (D. Kan. Dec. 29, 2016); *Bereket v. Portfolio Recovery Assocs., LLC*, 2017 WL 4409480, at *6 (W.D. Wash. Oct. 4, 2017); *Shields v. J.C. Christensen & Assocs., Inc.*, 2017 WL 1106085, at *3 (S.D. Ind. Mar. 24, 2017).

## **FACTUAL ALLEGATIONS**

Plaintiff is, and at all times mentioned herein was, an adult individual residing in Clinton, Maryland, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3). (Doc. No. 5 ("Am. Compl.") at ¶ 7).  Defendant is a South Carolina-based debt collector. *Id.* at ¶ 8.

At some point in time Plaintiff incurred an alleged debt (the "Debt") to FIA Card Services, NA. *Id.* at ¶ 9.  The agreement that created the Debt states that it is governed by the laws of the State of Delaware (without regard to its conflict of laws principles) and by any applicable federal laws. *Id.* at ¶ 10.

On March 7, 2019, Dynamic sent Plaintiff a letter in an attempt to collect the Debt (the "Letter"). *Id.* at ¶ 13.  When Dynamic sent the Letter to Plaintiff, the Debt was time-barred by the statute of limitations such that Plaintiff had no legal obligation to pay it. *Id.* at ¶ 14.

The Letter provided Plaintiff with a number of different "offers" to "resolve" her Debt, two of which would require that Plaintiff to make multiple separate payments:

*Id.* at ¶ 15.

The Letter disclosed that "[b]ecause of the age of [Plaintiff's] debt, Cavalry and Dynamic Recovery Solutions cannot sue you for it and Cavalry and Dynamic Recovery Solutions cannot report it to any credit reporting agency." *Id.* at ¶ 16.  However, the Letter did not advise Plaintiff that if she agreed to one of the settlement proposals, or if she made a partial payment towards the Debt, she would remove the statute of limitations bar preventing Dynamic, Cavalry, or another entity in the future from suing her to collect the Debt.  *See id.* at ¶ 17; Doc. No. 6-2.

## ARGUMENT

### I.  LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the plaintiff's complaint. Accepting all factual allegations as true, the court should review the complaint in the light most favorable to the plaintiff. *See Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). To survive a motion to dismiss, the complaint must state sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

## II.   THE FAIR DEBT COLLECTION PRACTICES ACT

Congress enacted the Fair Debt Collection Practices Act (the "FDCPA") in 1977 to eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct. 1605, 1608, 176 L. Ed. 2d 519 (2010) (*citing* 15 U.S.C. § 1692(e)).   "The FDCPA is a strict liability statute and a consumer has only to prove one violation in order to trigger liability." *Bradshaw v. Hilco Receivables, LLC*, 765 F. Supp. 2d 719, 725 (D. Md. 2011).

Section 1692e of the FDCPA forbids the use of "any false, deceptive, or misleading representation or means" to collect a debt and provides a non-exhaustive list setting forth examples of prohibited conduct. 15 U.S.C. § 1692e. These examples include making a false representation of "the character, amount or legal status of any debt," *id*. § 1692e(2)(A), and using "any false representation or deceptive means to collect or attempt to collect any debt," *id*. § 1692e(10).   "Whether a communication is false, misleading, or deceptive in violation of § 1692e is determined from the vantage of the 'least sophisticated consumer.'" *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 394 (4th Cir. 2014).  That test "is an objective standard that evaluates § 1692e claims based upon how the least sophisticated consumer would interpret the allegedly offensive language." *Id.,* 763 F.3d at 394–95.

The FDCPA also broadly prohibits a debt collector from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a," 15 U.S.C. § 1692d, and the use of any "unfair or unconscionable means to collect or attempt to collect any debt." *Id*. § 1692f.

### III.    THE FDCPA'S PROHIBITION ON MISLEADING LETTERS ATTEMPTING TO COLLECT TIME-BARRED DEBT

Debt collectors do not stop attempting to collect old consumer debts once the statute of limitations to sue on those debts has expired. To the contrary, collectors often send collection letters to collect time-barred debt offering numerous payment options, and those letters are often carefully drafted in a manner which misleads consumers as to the legal status of the underlying debt and the purport benefits of accepting the proposed payment "options."  However, federal courts across the country have increasingly found that such letters violate the FDCPA. Specifically, courts have found collection letters seeking to collect time-barred debts violate the FDCPA where they fail to notify consumers of the risk that making or agreeing to make a partial payment on a time-barred debt may revive the statute of limitations, even where such letters warn that the collector cannot or will not sue them due to the age of the debt.

For instance, in *Pierre v. Midland Credit Mgmt., Inc.* the debt collector-defendant sent a consumer a letter attempting to collect a time-barred debt which offered three payment "options" to save money and warned that "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it, we will not report it to any credit reporting agency, and payment or non-payment of this debt will not affect your credit score." *Pierre v. Midland Credit Mgmt., Inc.*, 2018 WL 723278, at *1 (N.D. Ill. Feb. 5, 2018).   When the defendant sent the consumer the dunning letter the statute limitations on any debt collection action had already passed; however, if the consumer had made a partial payment or promised to repay the debt, she could have revived the statute of limitations. *Id.,* at *4. The Court granted summary judgment to the plaintiff, finding that the letter was unlawfully misleading in violation of section 1692e of the FDCPA because it failed to warn of the possibility that a partial payment or promise to repay the debt could revive the statute of limitations. *Id.*

5

Likewise, in *Pantoja v. Portfolio Recovery Assocs., LLC*, the Seventh Circuit Court of Appeals affirmed the district court's granting of summary judgment to the plaintiff for violations of the FDCPA arising out of collection letter seeking to collect a time-barred debt where the letter offered multiple payment options and warned that "[b]ecause of the age of your debt, we will not sue you for it and we will not report it to any credit reporting agency" but did not warn against the risk of reviving the statute of limitations. *Pantoja v. Portfolio Recovery Assocs., LLC*, 852 F.3d 679, 682 (7th Cir. 2017), *cert. denied,* 138 S. Ct. 736, 199 L. Ed. 2d 604 (2018).  In so holding, the Seventh Circuit first observed that regardless of the scope of "Illinois law on restarting the statute of limitations clock with a partial payment or new promise to pay, either step would have put [plaintiff] in a much worse legal position than he would have been in before taking the step. Before he received defendant's letter, he had an absolute defense to any possible collection suit, which would have been illegal to file. If he had made or promised to make a partial payment, he could have been sued, likely as a pro se defendant, in a new suit. In such a suit, at best, he would have had to challenge the collector's reliance on these Illinois statutes and case law that would have given the collector substantial support. *Silence about that significant risk of losing the protection of the statute of limitations renders Portfolio Recovery's dunning letter misleading and deceptive as a matter of law.*" *Id.,* 852 F.3d at 685 (emphasis supplied).[1] The danger with the letter, the Court explained, is that "an unsophisticated consumer debtor who

---

[1] The Court also observed that while a "creditor retains the legal right to appeal to the debtor to honor the debt out of a sense of moral obligation even if the legal obligation can no longer be enforced in court," because "the opportunities for mischief and deception, particularly when sophisticated parties aim carefully crafted messages at unsophisticated consumers, may well be so great that the better approach is simply to find that any such efforts violate the FDCPA's prohibitions on deceptive or misleading means to collect debts, § 1692e, and on 'unfair or unconscionable means' to attempt to collect debts, § 1692f." *Id.*, 852 F.3d at 684. However, in the plaintiff in *Pantoja* did not "argue for that broad rule here" and thus the Court decided the case on narrower grounds. *Id.*

makes the first payment or who promises to make a partial payment is much worse off than he would have been without taking either step. If he then fails or refuses to pay further, he will face a potential lawsuit." *Id.*

As another court observed when granting summary judgment to the plaintiff based on a near-identical letter,[2] "[t]he least sophisticated consumer most certainly would not be aware that making a payment could make the debt judicially enforceable again—*particularly when the collector tells the consumer that the law limits how long she can be sued and that the collector will not sue*. Explaining to the consumer all of the benefits she will receive by making payments on a stale debt, while neglecting to address . . . law that would make the debt judicially enforceable again, is a misrepresentation of the character and legal status of the debt under the FDCPA." *Smothers v. Midland Credit Mgmt., Inc.*, 2016 WL 7485686, at *5 (D. Kan. Dec. 29, 2016) (emphasis supplied).

Other courts have reached near-identical conclusions. *See, e.g., Alston v. Midland Credit Mgmt., Inc.*, 2018 WL 3309725, at *4 (D.S.C. July 3, 2018) (denying motion to dismiss section 1692e claim based on letter seeking to collect time-barred debt which offered a number of options for repayment and warned that "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it," but failed to state that making a partial payment under any of the payment options could re-start the statute of limitations on the debt); *Bereket v. Portfolio Recovery Assocs., LLC*, 2017 WL 4409480, at *6 (W.D. Wash. Oct. 4, 2017) (denying motion to dismiss where "Plaintiff has presented a plausible argument that a partial payment would restart the statute of limitations on the alleged debt, even, as Defendant

---

[2] The letter sought to collect a time-barred debt, offered multiple payment option and warned that "[t]he law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it," but failed to warn about risk of reviving the debt.

admits, that debt would be of a lower amount that the original debt."); *Shields v. J.C. Christensen & Assocs., Inc.*, 2017 WL 1106085, at *3 (S.D. Ind. Mar. 24, 2017) (offering settlement offers while failing to warn that a partial payment could make debt judicially enforceable again "could constitute a misrepresentation of the character and legal status of the debt under the FDCPA" and noting that offer to "resolve" the debt "is language the unsophisticated consumer could believe to be contradictory to the promise not to sue); *see also Schafer v. Allied Interstate LLC*, 2019 WL 2710272, at *9 (W.D. Mich. June 28, 2019) (letter violated section 1692e as a matter of law where it, *inter alia,* was silent as to the possibility that the statute of limitations could be revived); *Buchanan v. Northland Grp., Inc.*, 776 F.3d 393, 399 (6th Cir. 2015) ("The other problem with the letter is that an unsophisticated debtor who cannot afford the settlement offer might nevertheless assume from the letter that some payment is better than no payment. Not true: Some payment is worse than no payment.").

## IV.  PLAINTIFF HAS STATED A CLAIM FOR RELIEF UNDER SECTION 1692E OF THE FAIR DEBT COLLECTION PRACTICES ACT

Dynamic's Letter to Plaintiff is false, deceptive and misleading in violation of section 1692e of the FDCPA because it contains offers to "resolve" a time-barred debt by making multiple payments and claims that neither Cavalry (the current creditor) or Dynamic can sue Plaintiff to collect the Debt, but fails to warn Plaintiff of the risks of reviving the statute of limitations if she agreed to one of Dynamic's settlement "offers" or made a partial payment towards the Debt.  In addition, the Letter falsely represents the character, amount or legal status of the Debt and contains a false representation or deceptive means to collect the Debt in violation of sections 1692e(2)(A) and e(10).

As noted, when Dynamic sent the Letter to Plaintiff to collect the Debt, the statute of limitations to sue on the Debt had already expired. Am. Compl. at ¶ 14.  The agreement that

created the Debt states that is governed by the laws of the State of Delaware. *Id.* at ¶ 10.   Under Delaware law, a promise to pay a time-barred debt, or even an acknowledgement of a subsiding debt and a recognition of an obligation to pay it, can remove the statute of limitations on the debt. *See Hart v. Deshong*, 40 Del. 218, 8 A.2d 85 (Del. Super. Ct. 1939); *Snyder v. Baltimore Tr. Co.*, 532 A.2d 624, 626 (Del. Super. Ct. 1986) (citing *Kojro v. Sikorski*, 267 A.2d 603, 607 (Del. Super. Ct. 1970)); *Hassler v. Valk Mfg. Co.*, 1983 WL 413299, at *2-3 (Del. Super. Ct. Nov. 17, 1983).  Creditors in Delaware continue to attempt to revive statute of limitations on old consumer debts based on partial payments. *See, e.g., Credit Acceptance Corp. v. Johns*, 2013 WL 12201343, at *2-3 (Del. Com. Pl. Mar. 13, 2013) (noting that "Credit Acceptance contends that Ms. Johns' June 1, 2012 payment revived the claim for purposes of the statute of limitations" but finding that a "[m]ore thorough inquiry is required to determine if Ms. Johns' promise to pay was sufficient to revive the statute of limitations.").

Here, Dynamic's Letter provided Plaintiff with a number of "offers" to "resolve your account." *Id.* at ¶ 15; Doc. No. 6-2.  The Letter additionally claimed that "The law limits how long you can be sued on a debt.  Because of the age of your debt, Cavalry and Dynamic Recovery Solutions cannot sue you for it . . . ." Am. Compl. at ¶ 16; Doc. No. 6-2.  However, the Letter did not warn Plaintiff that by agreeing to one of Dynamic's "offers" to "resolve" her Debt and/or by making the first requested partial payment, Plaintiff would be reviving the statute of limitations for the Debt and would unequivocally be in a worse position than if she had done nothing at all. *See id.*  Because the Letter touts the benefits of accepting Dynamic's offers to "resolve" Plaintiff's account, but failed to explain that by accepting one of Dynamic's offers and making a partial payment, the Plaintiff would be worse off than if she had done nothing at all, the Letter is deceptive and misleading in violation of section 1692e, e(2)(A) and e(10). *See, e.g.,*

*Pierre*, 2018 WL 723278, at \*1; *Pantoja*, 852 F.3d at 682; *Smothers*, 2016 WL 7485686, at \*5; *Alston*, 2018 WL 3309725, at \*4; *Bereket*, 2017 WL 4409480, at \*6; *Shields*, 2017 WL 1106085, at \*3.

Dynamic does not dispute that its Letter does not warn about the risk of reviving the statute of limitations for the Debt by agreeing to one of Dynamic's offers and making a partial payment. *See* Doc. No. 6-1. Instead, it responds that "under Maryland law, the debt cannot be revived under any circumstance." *Id.* at p. 8. But that is irrelevant to whether the Letter is deceptive and misleading.

First, the Debt is governed by Delaware law, Am. Compl. at ¶ 10, and under Delaware law, a promise to pay a time-barred debt, or even an acknowledgement of a debt and a recognition of an obligation to pay it, can remove the statute of limitations on the debt. *See Hart*, 40 Del. 218, 8 A.2d 85; *Snyder*, 532 A.2d at 626; *Hassler*, 1983 WL 413299, at \*2-3. And given that the Debt was created under the laws of Delaware, Plaintiff could be sued there. Dynamic responds that "[a]ny lawsuit brought against [Plaintiff] on the obligation at issue would have to be brought in Maryland." Doc. No. 6-1 (citing 15 U.S.C. § 1692i). But section 1692i of the FDCPA – which provides a potential civil cause of action where a *debt collector* sues a consumer in a judicial district other than where a consumer signed a contract or resides at the commencement of the action – would not prohibit a *creditor* like Cavalry SPV I, LLC (*see* Doc. No. 6-2) from filing suit in Delaware. Dynamic's argument also ignores the reality of modern-day debt buying and selling where there is always another entity further down on the totem pole willing to buy old time-barred consumer debt; there is nothing preventing Dynamic and/or Cavalry from selling the Debt to another entity, who can sue Plaintiff in Delaware once they become the creditor. *See Smothers*, 2016 WL 7485686, at \*3 ("And while defendant may not

sue, defendant can resell the debt to a collector who may."); *Pierre*, 2018 WL 723278, at \*5 ("A revival would be a hazard to Pierre, who may face suit by Midland if it changed its policies or by someone else if Midland sold Pierre's debt to another, less principled collector.").  Moreover, a violation of the FDCPA is not a defense to a lawsuit to collect a debt.  Thus, even if suing Plaintiff outside of Maryland violates the FDCPA, Plaintiff may still be sued out of Maryland anyways;[3] in such a scenario Plaintiff – who would now be the defendant in a state lawsuit – would be worse off than if she had done nothing at all.

Further, *even if* Plaintiff could not be sued in Delaware (or another state aside from Maryland) when she resided in Maryland, *people move*.  If Plaintiff accepted Dynamic's multi-payment offer, made a payment, and then moved two hours away to Wilmington, Delaware, she would face the very real possibility of being sued in Delaware and the debt collector reviving the statute of limitations on the Debt based on Plaintiff's prior partial payment.  Yet the Letter is completely silent about this very real risk.

Ultimately, Dynamic's arguments underscore why the Letter is misleading, deceptive and in violation of the FDCPA.  Indeed, while Dynamic notes possible exceptions or explanations as to why the Debt may not be revived upon agreeing to the settlement offers or making a partial payment, Plaintiff still faces a higher risk of being sued on the Debt if she accepts Dynamic's payment offers.  And while under certain situations she may possibly have a legal argument that the statute of limitations was not revived, merely having to defend herself and make that argument puts her in a worse position than if she never accepted Dynamic's settlements offers in the first place.  On this point, courts have observed that even where there is uncertainty as to

---

[3] Indeed, the creditor here – Cavalry SPV I, LLC – has been accused of filing collection suits against consumers in the wrong jurisdiction before. *See Abu-Samra v. Cavalry SPV I, LLC*, 2015 WL 4658702 (N.D. Ill. Aug. 5, 2015).

whether the statute of limitations can be revived by a new promise or a tender of partial payment, letters which fail to warn about the possibility of revival violate the FDCPA because accepting the proposed payment options would draw a consumer into this legal morass and put them in a worse position than had they done nothing at all. *See Pierre*, 2018 WL 723278, at *6.  Here, the letter said it would "resolve" the debt, that Dynamic "cannot" sue and implied that there were no legal detriments to a partial payment.  That was false and by failing to disclose that fact, the letter was misleading under the Act.

Finally, the cases Dynamic relies on are unpersuasive.  In *Genova v. Total Card, Inc.*, despite acknowledging that "the New Jersey statute of limitations on actions to enforce a contractual debt'" may be tolled by an acknowledgement or a promise to pay'" the Court found that under *its reading* of New Jersey law, the "partial settlement payments Defendant solicited in the Letter would *not* revive the statute of limitations on MBC's claim against Plaintiff" because the Letter did not require Plaintiff to admit, in writing, that he owed the full debt to the defendant or that he agreed to pay the full debt. *Genova v. Total Card, Inc.*, 193 F. Supp. 3d 360, 368-70 (D.N.J. 2016).  As an initial mater, Delaware law does not appear to have the same stringent requirements as the New Jersey law at issue in *Genova.*  More importantly, however, is that this holding ignores that where there is room for disagreement about the scope of state law and whether a partial payment revives the statute of limitations, a debt collector still must warn about the danger of state of limitations revival because upon making a partial payment, at best the consumer must now challenge the defendant's incorrect interpretation of the law. *See Pierre*, 2018 WL 723278, at *6 ("The Seventh Circuit acknowledged that though there is some "room for disagreement" about the scope of Illinois law, that disagreement does not free debt collectors of the requirement to warn about the danger of statute of limitations revival. *Pantoja II,* 852 F.3d

at 685. Whether a plaintiff makes a new promise or simply tenders a partial payment, either action puts her in a worse legal position than she would have been in had she done nothing. *Id. Either she has revived the statute of limitations by her promise, or she has by her payment opened herself up to possible suit in which she would have to challenge the collector's reading of uncertain Illinois law*.") (emphasis supplied).  Accordingly, this Court should ignore the reasoning of *Genova*. *See Alston*, 2018 WL 3309725, at *4 (D.S.C. July 3, 2018) (denying defendant's motion to dismiss near-identical claims where the defendant relied heavily on *Genova*).  Dynamic also relies on *Stimpson v. Midland Credit Mgmt., Inc.*, but that decision was ruling on a motion for *summary judgment* rather than a motion to dismiss.  In addition, the ruling is currently on appeal.  In any event, in that case the Court found that given that a choice of law provision in the credit agreement provided that Nevada law applies and given that under Nevada law a partial payment does not revive the statute of limitations on a time-barred debt, there was no risk of revival. *Stimpson v. Midland Credit Mgmt., Inc.*, 347 F. Supp. 3d 538, 546 (D. Idaho 2018).  Unlike that case, here there is a choice of law provision electing a state law (Delaware) which does provide that the statute of limitations can be revived.

At bottom, Dynamic knowingly sent Plaintiff a letter to collect a time-barred debt which falsely implied that accepting one of its offers to resolve the Debt would be a benefit to the Plaintiff, when in reality accepting one of Dynamic's offers would place Plaintiff in a worse off position than if she done nothing.  At worst, by accepting one of Dynamic's offers Plaintiff could revive the statute of limitations of the Debt and be legally obligated for the entire Debt.  But even if the relevant state law could be interpreted to not revive the statute of limitations upon a partial payment, Plaintiff might still have to challenge an alternate interpretation as a defendant in court. In either scenario, she is worse off than if she had not accepted the offer or made a payment.  By

failing to disclose these very real risks to Plaintiff, the Letter violates section 1692e of the FDCPA.

**V.   PLAINTIFF HAS STATED A CLAIM FOR RELIEF UNDER SECTION 1692D OF THE FAIR DEBT COLLECTION PRACTICES ACT**

The FDCPA also broadly prohibits a debt collector from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a." 15 U.S.C. § 1692d. As Dynamic acknowledges, section 1692d provides a *non-exhaustive* list of conduct which violates section 1692d. *See* Doc. No. 6-1 at pp. 5-6.  Here, Dynamic's Letter was specifically designed to tout the benefits of making partial payments to "resolve" a time-barred debt while completely ignoring the real possibility that by accepting the offer, the Plaintiff would open herself up to being sued for the remainder of the Debt and would undoubtedly be in a worse position than if she ignored the Letter altogether.  Dynamic's attempts to lure Plaintiff into renewing the statute of limitations on the Debt constitutes oppressive and abusive collection efforts.

**VI.   PLAINTIFF HAS STATED A CLAIM FOR RELIEF UNDER SECTION 1692F OF THE FAIR DEBT COLLECTION PRACTICES ACT**

Section 1692f of the FDCPA prohibits the use of any "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.  For the same reasons discussed above that the Letter violates section 1692e, it also violates section 1692f. *See Shields*, 2017 WL 1106085, at *1 (denying defendant's motion to dismiss and finding plaintiff sufficiently alleged near-identical letter violated sections 1692e and 1692f of the FDCPA);

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's motion in its entirety.

14

Dated: October 7, 2019

Respectfully submitted,

By:    /s/ Sergei Lemberg
Sergei Lemberg
LEMBERG LAW, L.L.C.
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

THIS IS TO CERTIFY that on October 7, 2019, a copy of the foregoing was served electronically by the U.S. District Court for the District of Maryland Electronic Document Filing System (ECF) and the document is available on that system.


<u>      /s/ Sergei Lemberg      </u>
Sergei Lemberg